## LOCKWOOD a. SALHENGER.

*New York Common Pleas; Special Term, August,* 1864.

PLEADING.—MOTION TO STRIKE OUT.

An answer should not be struck out as sham except in a clear case.

A motion " for judgment in the action on account of the frivolousness of each and every defence set up in the answer," cannot be granted if any defence is not frivolous.

The Code authorizes a motion for judgment upon an entire pleading as frivolous (*Code,* § 247); but if parts only are bad, relief is to be had by a motion of a different character under sections 152 or 160. It is true that there may be no objection to combining both of these applications in one motion, but in that case, whether judgment on the whole answer can be granted, must depend on whether the parts of the pleading objected to are stricken out, and, if they are, whether the whole answer as it then remains be frivolous.

Motion for judgment on the pleadings, &c.

In this action the defendant gave notice of a motion for "judgment in the action on account of the frivolousness of each and every of the defences set up in the answer; and that if each and every of the defences be not adjudged frivolous, then that the second and third defences be stricken out as sham and false, or irrelevant."

The facts alleged in the pleadings and in the affidavits on which the motion was made and opposed are not necessary to be stated to an understanding of the points decided.

CARDOZO, J.—It must be a very plain case which will justify the court in declaring an answer to be sham. Such is the tenor of all the cases on the subject. The law has pointed out the tribunals to determine issues of fact, and parties should not, except in a clear case, be deprived of the benefit of a regular trial.

I see no reason to change the opinion which I expressed on the argument of the motion, as to the third defence. Taking all the affidavits and papers together, I do not feel at liberty to

say that it is clear that the defence of usury is false. Whether a motion to make the pleading, in that respect, more definite and certain may not be proper, it is not necessary now to say.

The notice of motion asks for "judgment in the action, on account of the frivolousness of each and every of the defences set up in the answer." If "each and every" of the defences were frivolous, the plaintiff would be right in his motion. He would be entitled to judgment in the action, because the whole answer would be frivolous. But as "each and every of the defences" is not adjudged to be frivolous, the plaintiff cannot take that part of his motion. The notice does not ask that judgment should be given on each and every defence (as the counsel for the plaintiff claimed on the argument he might ask), even if that were proper, which I think it would not be; but it asks, and properly, if the pleading justified it, for judgment generally in the action.

The other application mentioned in the notice is, that "if each and every of the defences be not adjudged frivolous, then that the second and third defences be stricken out as sham and false, or irrelevant." This, it will be seen, applies only to the second and third defences. I am not asked to strike out the first defence; and the fact that I consider it to be frivolous, as not presenting any issue, would only be important on this motion if I could say that the other defences were also frivolous; because then the whole pleading would be frivolous, and the plaintiff would be entitled to the relief firstly above mentioned. The third defence, I have already said, cannot be stricken out as false or irrelevant. The second defence is, I think, irrelevant,—it furnishes no answer as it stands; but as the affidavits seem to show that the answer might be amended in this respect, I think I ought not to strike that branch of it from the pleading.

To make my views more intelligible, I will briefly say that I understand the Code to authorize a judgment upon an entire pleading as frivolous. (*Code,* § 247.) But if parts only are bad, relief is to be had by a motion of a different character under sections 152, 160. It is true that there may be no objection to combining both of these applications in one motion, but in that case whether judgment on the whole answer can be granted must depend on whether the parts of the pleading ob-

jected to are stricken out, and if they are, whether the whole answer as it then remains be frivolous.

These views are not only in harmony with The People *a.* McCumber, but even with the plaintiff's counsel's understanding of that authority as evinced by the notice of motion. I understand the effect of that case to be, that you may on one motion ask—1st. To strike out some of the defences interposed, on the ground that they are false, sham, or irrelevant; and 2d. That if that part of the motion prevail, that judgment may be ordered on the whole pleading (as it will then stand), on the ground of its frivolousness.

But the difficulty here is, that parts of the answer ought not to be stricken out as sham or irrelevant, and that if those parts are retained the whole pleading cannot be declared "frivolous."

I think the proper form of the order will be that the motion be denied, except, that, unless the defendant amends the second defence within five days, so much of the motion as asks to strike out that defence will be granted. And as neither party fully prevails on this motion, the denial and the leave to amend should be without costs to either party.

If the plaintiffs think this a proper case for a reference, I will grant, upon affidavit, an order to show cause why the action should not be referred.

Order accordingly.